Probasco *v.* Probasco.

ALEXANDER PROBASCO, SR.,

*v.*

ALEXANDER PROBASCO, JR., and others.

A bill was filed by a father to set aside, on account of duress, a conveyance to his children of all of his property, valued at $45,000, by which he reserved to himself an annuity of $1,200, which had not been paid, but had been withheld by the defendants from the commencement of the suit, and on which he depended wholly for support.—*Held*, that, unless the arrears of the annuity were paid, a receiver would be appointed, and that before answer filed, and notwithstanding the allowance of a demurrer to the bill, which, however, was only for a defect as to parties.

Bill for relief.   Motion for the appointment of a receiver.

*Mr. R. S. Kuhl,* for the motion.

*Mr. G. A. Allen, contra.*

THE CHANCELLOR.

This suit is brought by the complainant to set aside, on the ground that they were fraudulently obtained from him, two instruments of writing made by him by which he conveyed to his children all his property, reserving to himself

only the use of one of his houses for life, and an annuity of $1,200 for his life, charged on his real estate.   The property is valued at $45,000.

The bill alleges that-his children have divided among them a very large part of his personal property, valued at about $35,000, and have either spent it or invested it for their own benefit.   It further states that they refuse to pay the annuity, and have left him to charity for the necessaries of life.   They have not answered the bill, but filed a general demurrer.   It was sustained, indeed, but only on the ground of the want of certain necessary parties.   They insist that a receiver ought not to be appointed before the coming in of the answer.

The injunction has been modified so as to permit their solicitor to collect the rents of the real property, but he is required to hold them, when collected, subject to the order of this court.   It would be a reproach to the administration of justice if the defendants were permitted to punish the complainant for seeking relief against them by withholding from him the annuity which is his only means of support. They might thus, through his necessities, compel him to abandon his suit, however meritorious, and to submit to wrong, however flagrant.   The rents of the real property amount, it is said by the defendants' counsel, to only about $400 a year.   It is admitted that the defendants have not paid the annuity since the commencement of this suit, nor do they question their liability to pay it.   The rents from the real property will be ordered to be paid over to the complainant, and unless the defendants, without delay, pay to him the balance of the amount of the arrears of the annuity after applying the rents thereto, a receiver will be appointed.   It is the manifest duty of the court to protect the complainant in the premises.   At the same time it will not disregard the rights of the defendants by condemning them unheard.   They have all the complainant's estate.   If the instruments under which they claim it were, indeed, fairly obtained, they are undeniably bound to pay the annu-

ity; and, under the circumstances, it is but simple and obvious justice (not to speak of their filial duty) to require them to pay it during this litigation. The motion for a receiver will, therefore, stand over.